# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRUDI LEIGH OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-195-JHP-KEW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Trudi Leigh Owens (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 18, 1964 and was 47 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant worked in the past as an assembly line worker, shipping and receiving worker, restaurant hostess, retail cashier, and telemarketer. Claimant alleges an inability to work beginning June 30, 2009 due to limitatins arising

3

from anxiety, lumbar disc disease, carpal tunnel syndrome, bipolar disorder, and memory problems, headaches, and blurred vision.

## Procedural History

On September 14, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 4, 2011, an administrative hearing was held before ALJ Edmund C. Werre in Tulsa, Oklahoma. On November 9, 2011, the ALJ issued an unfavorable decision on Claimant's applications. On March 8, 2013, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

properly evaluate the opinions of Claimant's treating physician; (2) selectively disregarding the opinions of the agency physician despite stating he was affording the opinion great weight; and (3) failing to give adequate reasons for rejecting the opinions of the consultative examiner which conflicted with his findings.

## Treating Physician's Opinion

In his decision, the ALJ determined Claimant suffered from the severe impairments of mild bilateral carpal tunnel syndrome, posttraumatic stress disorder ("PTSD"), bipolar disorder, and anxiety disorder. (Tr. 15). The ALJ found Claimant retained the RFC to perform a light work except that she could not climb ladders, ropes, or scaffolds, could not be exposed to temperatures or humidity extremes, but was able to understand, remember, and carry out simple and some complex tasks and able to relate and interact with co-workers and supervisors on a work-related bases only with no or minimal interaction with the general public. (Tr. 16). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of hand packager, assembly worker, and inspector all of which the expert found existed in sufficient numbers in the regional and national economies. (Tr. 23-24).

Claimant contends the ALJ failed to adequately discuss the

opinions of her treating physician, Dr. Mei-Chiew Lai. Dr. Lai treated Claimant for arm and hand pain and PTSD between August of 2005 and April of 2010. (Tr. 528-611). On February 4, 2010, Dr. Lai noted Claimant's pain in her right wrist and hand while trying to do simple house chores. Claimant experienced a tingling sensation in the right hand. Dr. Lai found positive Tinel signs at the right wrist with limited range of motion of the right thumb MCP joint. Dr. Lai found mild tenderness of the right wrist at the volar aspect and somewhat tight muscle of the right forearm. Weakness was noted in the right wrist which was 4/5 due to pain. (Tr. 604).

On March 4, 2010, Dr. Lai observed positive Tinel's sign, tenderness, and slightly weaker hand grip. Dr. Lai found evidence of aggravating pain in the right wrist with volitional motion and found the function of the hand was "slightly limited." (Tr. 606). Claimant was advised to avoid continuous repetitious manipulations with the hands and wrists." Id.

On March 30, 2010, Dr. Lai noted Claimant had developed clumsiness of the right hand due to pain in the right wrist. (Tr. 609). Claimant was advised not to overdo it. Id.

The ALJ only noted Dr. Lai's treatment of Claimant from before July 5, 2005 at the time of Claimant underwent carpal tunnel

6

release surgery. (Tr. 17-18). The ALJ did not acknowledge Dr. Lai's later findings of limitation, the ongoing treating relationship between Dr. Lai and Claimant, and failed to state the weight given to Dr. Lai's findings.

The ALJ must give a treating physician's opinion controlling weight, unless the opinion is unsupported by the medical record. In evaluating the opinions of a treating physician such as Dr. Lai, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the

7

nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

On remand, the ALJ shall consider the totality of Dr. Lai's treatment records and the limitations Dr. Lai imposed. He shall also state the weight given to Dr. Lai's opinions and the basis for giving the opinion reduced weight from controlling weight.

**Weight Given to State Agency Examiners**

Claimant contends the ALJ failed to include the portions of the state agency examiners' opinions that provided functional limitations to Claimant. The ALJ stated that the DDS examiners' and consultants' opinions were given "great weight" except for the opinion of Dr. Schonberg who found marked impairments in Claimant's functioning. (Tr. 22).

The ALJ found that the medical evidence supported that Claimant had the ability to carry out routine 2 and 3 step tasks to completion with superficial interactions, no strict time pressures, and changes explained in advance. (Tr. 22). These findings were supported by the report of Dr. Mel Zwissler from December 7, 2009. (Tr. 498). Yet, the ALJ omitted these limitations from both his RFC determination and the hypothetical questioning of the vocational expert. Dr. Schonberg also found Claimant's ability to maintain pace and persistence for even simple repetitive tasks was below average. (Tr. 479).

On remand, the ALJ shall consider including the restrictions on Claimant's pace and persistence in his RFC assessment. He should also include the same limitation in his hypothetical questioning of the vocational expert since "[t]estimony elicited by hypothetical questions that do not relate with precision all of a

claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. Given the current state of the record, the ALJ shall include these limitations in the hypothetical questioning of the vocational expert.

**Consideration of the Opinion of Consultative Examiner**

Claimant asserts the ALJ rejected the opinion of Dr. William Schonberg without specificity. Dr. Schonberg found Claimant was markedly limited in the areas of the ability to relate to others including fellow workers and supervisors, the ability to understand, remember, and follow directions, the ability to maintain attention, concentration, persistence, and pace to perform simple repetitive tasks, and the ability to withstand the stress and pressures associate with day-to-day work activity. (Tr. 479).

10

The ALJ gave this opinion "little weight due to their inconsistency with [the] overall evidence and sister's statements." (Tr. 22). The ALJ did not explain the inconsistencies with any degree of specificity to allow this Court to evaluate the propriety of the reduced weight given to Dr. Shonberg's opinion. On remand, the ALJ shall specifically tie the evidence with his findings that the opinion is entitled to reduced weight.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE